```
                UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF MICHIGAN
                       SOUTHERN DIVISION

ERICA DELGADO,
      PLAINTIFF,
                                      CASE NO. 1:18-cv-_____
VS.
                                      HON. _____
WALGREEN CO.,
      DEFENDANT.
_____

Jason R. Pelak (P79618)
Attorney for Plaintiff
137 N. Park St., Ste 101A
Kalamazoo, MI 49007
Phone (269) 459-9805
Fax (269) 459-9807
Email jason@pelaklaw.com
_____
```

**COMPLAINT**

The plaintiff Erica Delgado, by and through her attorney Jason R. Pelak, for actions arising under the Persons with Disabilities Civil Rights Act, the Americans with Disabilities Act of 1990, and the Family Medical Leave Act of 1993, in connection with her protected activity and subsequent termination by Walgreen Co., states as follows.

*JURISDICTIONAL ALLEGATIONS*

1. The plaintiff Erica Delgado is an individual who resided in Kalamazoo County, State of Michigan, and was employed in Van Buren County, State of Michigan, at all times relevant to this complaint.

2. The defendant Walgreen Co., was an employer at all times relevant to this complaint in Van Buren County, State of Michigan.

3. This case arises under the Persons with Disabilities Civil Rights Act, MCL 37.1101 *et seq.*, the Americans with Disabilities Act of 1990, 42 USC §12101 *et seq.*, and the Family Medical Leave Act of 1993, 29 USC §2601 *et seq.*

4. This case arises out of the defendant's employment and discharge of the plaintiff on or around 1/30/18.

5. The Court has federal-question jurisdiction for the claims as alleged under the Americans with Disabilities Act of 1990 and the Family Medical Leave Act of 1993. 28 USC §1331.

6. The Court should exercise supplemental jurisdiction for the similar claim as alleged under the Persons with Disabilities Civil Rights Act. 28 USC §1367.

*JURY DEMAND*

7. The plaintiff hereby requests a trial by jury for all issues that may be submitted to the same.

*COMMON ALLEGATIONS*

8. The plaintiff Erica Delgado began working for the defendant in the Fall of 2002. She was employed as a cashier.

9. During the time of her employment with the defendant, and through her termination, Ms. Delgado did a good job for it.

10. After approximately 5 plus years of employment with the defendant, Mr. Delgado was promoted up to the position of Store Manager.

11. Near the beginning of 2017, Ms. Delgado had met with Mr. Teagno, her supervisor, and discussed how Ms. Delgado was doing well at her job, and how she took action resolving issues. He also expressed to her expectations to avoid any performance improvement plans. Rather jokingly, he stated that if the pharmacy imploded or Ms. Delgado performs no actions at all, would she then be at risk of being put on a performance improvement plan.

12. A few months later in the first half of 2017, Ms. Delgado was suffering from and sought treatment for a serious medical condition called diverticulitis. This condition seriously impaired her ability to work, caused a tremendous amount of pain on her left side, and without treatment, could result in further injury, suffering, or death. In plain terms, she had a hole in her colon.

13. Because of her condition, and needing time off to treat the condition, Ms. Delgado communicated this information to Mr. Teagno.

14. Following the return of her treatment, and within a few weeks thereafter, Ms. Delgado was put on a 60-day performance improvement plan.

15. Also around this time, Ms. Delgado began using FMLA benefits intermittently.

16. Upon returning from a leave in or around 7/2017, the defendant stated to Ms. Delgado and led her to believe that her previous performance improvement plan was completed.

17. Despite the apparent completion of the previous performance improvement plan, the defendant then placed Ms. Delgado on a revised or continued performance improvement plan. This performance improvement plan was again stated to be a 60-day plan, and it had the appearance of having little objective measurement to it.

18. On or around 1/30/18, the defendant discharged Ms. Delgado. The defendant stated that Ms. Delgado was discharged for failing to meet the requirements of the performance improvement plan. The defendant's claimed reason for discharging her was a pretext: it was not true or otherwise did not motivate the defendant to discharge her.

19. As a result of the discharge by the defendant, Ms. Delgado has suffered severe damages, including losses of income, emotional distress, a loss of enjoyment of life, and other consequential damages.

20. All conditions precedent have been performed or have occurred.

*COUNT 1 – DISABILITY DISCRIMINATION*

21. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 - 20 of this complaint.
22. The defendant discharged Ms. Delgado and her disability was a motivation or reason which made a difference in the decision to discharge her.
23. As a result of the discharge, Ms. Delgado has suffered and will continue to suffer damages set forth above.
24. This claim is actionable under the Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq., and alternatively, under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.
25. **WHEREFORE**, the plaintiff requests that this Court enter a Judgment in her favor against the defendant, in whatever amount she is shown to be entitled to including actual damages, lost income, emotional distress, inconvenience, mental anguish, and punitive damages, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

*COUNT 2 - FMLA DISCRIMINATION*

26. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 - 25 of this complaint.
27. The defendant discharged, interfered, or otherwise discriminated against Ms. Delgado as an eligible employee that used leave pursuant to the FMLA.
28. As a result, Ms. Delgado has suffered and will continue to suffer damages set forth above.
29. This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*
30. **WHEREFORE**, the plaintiff requests that this Court enter a Judgment in her favor against the defendant, in whatever amount she is shown to be entitled to including actual damages, lost income, inconvenience, liquidated damages in addition to and equal to the amount of loss income, together with interest, costs, attorney fees, and any other relief as the Court deems warranted.

Respectfully submitted,

Dated: 12/18/18

_____
Jason R. Pelak (P79618)
137 N. Park St, Ste 101A
Kalamazoo, MI 49007
Phone (269) 459-9805
Fax (269) 459-9807
Email jason@pelaklaw.com

**ATTORNEY FOR PLAINTIFF**

6